IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSS LYN VALIGURA | § | |
| | § | |
| V. | § | C.A. NO. C-05-513 |
| | § | |
| WARDEN MENDOZA, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion for a preliminary injunction. D.E. 3. For the reasons stated herein, it is respectfully recommended that plaintiff's motion be denied.

**I. Background**

In his original complaint, plaintiff complained that, beginning in September 2004, he and other inmates in 50-man cells have been placed on institutional lockdown, via orders from Huntsville or certain Garza East Unit wardens, and that during these lockdowns, he is restricted to his top bunk, and not permitted to get down from the bunk or to walk around his cell, except to shower or use the restroom. Specifically, he complains that these lockdowns occurred on September 15-30, 2004; April 7-22, 2005; May 21-29, 2005; June 11-20, 2005; and most recently, on September 24-26, 2005. He contends that the bunk restriction amounts to a violation of his Eighth Amendment right to be free from cruel and unusual punishment.[1]

At a November 21, 2005 <u>Spears</u> hearing, plaintiff admitted that he had not suffered any physical injuries as a result of the bunk restriction. He testified that he was not seeking compensatory damages for injuries, but only punitive damages for the alleged constitutional violation.

---

[1] Plaintiff also alleged a deliberate indifference claim concerning the amount of time he is allowed to eat his meals; however, that claim is not raised in his preliminary injunction motion.

In his motion for preliminary injunction, plaintiff seeks a court order prohibiting prison officials from ordering bunk restriction until resolution of this lawsuit. In addition, plaintiff requests to be transferred to federal custody "due to the substantial risk of retaliation" by prison officials for filing this lawsuit.

## II. Discussion

To obtain a preliminary injunction under FED.R.CIV.P. 65(a), the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might case the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. See Valley v. Rapides Parish School Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy. First, as discussed at the Spears hearing, it is not known whether bunk restriction in and of itself constitutes a constitutional violation. In fact, plaintiff testified that defendants might have ordered bunk restriction based on a misinterpretation of lockdown policy requiring "bunk area restriction." Violation of prison policy in and of itself does not state a constitutional violation. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996). At this point, plaintiff has not demonstrated a likelihood of success on the merits.

On the second factor, plaintiff fails to establish irreparable injury if the injunction is not granted. In fact, plaintiff admitted that he did not suffer any physical injury as a result of the five previous lockdowns with bunk restrictions, and is not seeking compensatory damages for injuries.

Plaintiff's allegations do not give any indication of "actual injury." Thus, there is no threat of irreparable injury.

Third, because there is no evidence of injury, to prohibit prison officials from employing lockdown or bunk restriction would be an unreasonable interference with the administration and management of the prison. See Kahey v. Jones, 836 F.F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day prison operations). Moreover, interference with prison operations in such circumstances would not be in the public's interest as it would be a waste of judicial resources micro-managing prison affairs. Similarly, plaintiff's request to be transferred to federal custody to avoid *potential* retaliation in the future would amount to impermissible and unnecessary interference with prison operations. See Jones v. United States, 534 F.2d 53, 54 (5th Cir. 1976) (Prison officials have broad discretion, free from judicial interference, in determining prisoner assignments).

Plaintiff has sought injunctive relief in his original complaint and, should he ultimately prevail on his Eighth Amendment claims, he can seek injunctive relief at that time. For these reasons, it is respectfully recommended that plaintiff's motion for a preliminary injunction (D.E. 3). be denied.

Respectfully submitted this 2nd day of December, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Serv's Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).