IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ROSS LYN VALIGURA                    §
   TDCJ-CID #1213446                 §
                                     §
VS.                                  §          C.A. NO. C-05-513
                                     §
O. MENDOZA, ET AL.                   §

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Pending is plaintiff's motion to compel discovery (D.E.30), and defendants' motion for

protective order.  (D.E. 31).  For the reasons stated herein, both motions are granted in part, and

denied in part.

## I.  Background

Plaintiff filed this civil rights action on October 11, 2005 claiming that, between September

15, 2004 and September 26, 2005, he was repeatedly restrained to his bunk during Unit lockdowns,

and, during these times of bunk restriction, he was denied exercise, clean linens, showers, and other

personal hygiene items, in violation of his Eight Amendment right to be free from cruel and unusual

punishment.  (D.E. 1).  He also complains that he is being denied adequate time to eat his meals.

(D.E. 9).  Following an evidentiary hearing, service was ordered on defendants.  (D.E. 14).  On

February 13, 2006, defendants filed their answer and raised, *inter alia,* the defense of qualified

immunity.  (D.E. 28).

On January 17, 2006, plaintiff served a request for production of documents on defendants.

See D.E. 30, Ex. A.  In particular, plaintiff requested the following documentation:

(1)    All inmate grievances (I-127s, I-128s) complaining about lockdown conditions
       from February 24, 2004 to November 20, 2005;

(2)    All inmate correspondence (letters, I-60s) concerning lockdown conditions from

February 24, 2004 to November 20, 2005;

(3)     All internal grievances concerning the Garza East chow hall from February 24, 2004 to November 20, 2005;

(4)     TDCJ regulations concerning lockdown status in effect from February 24, 2004 through September 30, 2005;

(5)     Inmate correspondence concerning the chow hall from February 24, 2004 through November 20, 2005;

(6)     TDCJ regulations concerning chow hall operations from February 24, 2004 through November 20, 2005;

(7)     Minutes of staff meetings concerning lockdown procedures from February 24, 2004 through November 20, 2005;;

(8)     TDCJ administrative directives concerning employees responsibilities and duties;

(9)     TDCJ records of slow-eating passes issued from February 24, 2005 through November 20, 2005;

(10)    Listing of disciplinary records filed against offenders during lockdowns from February 24, 2004 to November 20, 2005;

(11)    All appeals of disciplinary decisions related to lockdown filed between February 24, 2005 and November 20, 2005; and

(12)    Listing of disciplinary cases filed against offenders for disobeying orders while eating in the chow hall from February 24, 2004 to November 20, 2005.

Defendants did not respond to plaintiff's discovery requests, and on March 6, 2006, plaintiff filed the instant motion to compel.  (D.E. 30).  Plaintiff also seeks sanctions in the amount of $50 for having to compel discovery compliance.

On March 7, 2006, defendants filed a motion for protective order arguing that plaintiff's discovery requests are premature and that no discovery should take place until their defense of qualified immunity has been determined.  (D.E. 31).

## II. Discussion

2

**A.      Qualified immunity.**

Having raised the qualified immunity defense, defendants are protected from certain

discovery pending resolution of the qualified immunity issue.  See generally Harlow v. Fitzgerald,

457 U.S. 800, 817-18 (1982); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  However, plaintiff is

entitled to discovery limited to the issue of qualified immunity.

The qualified immunity determination involves a two-step analysis: first, "'whether the facts

alleged, taken in the light most favorable to the party asserting the injury, show that the officer's

conduct violated a constitutional right.'"  Mace v. City of Palestine, 333 F.3d 621, 623 (5th Cir.

2003) (quoting Price v. Roark, 256 F.3d 364, 369 (5th Cir. 2001)).  If a constitutional violation is

alleged, the Court must next determine "whether the right was clearly established – – that is whether

it would be clear to a reasonable officer that his conduct was unlawful in the situation he

confronted."  Id. at 624.

**1.      Bunk Restriction.**

The threshold question in a qualified immunity analysis is whether a constitutional right

would have been violated on the facts alleged.  Saucier v. Katz, 533 U.S. 194, 200 (2001).  Here,

plaintiff charges that, during four instances of Unit lockdown, he and the other inmates in his

housing area were actually required to remain on their bunks; that is, they could not get off their

bunks to stretch or to move freely around their cells, for fifteen (15) days in September 2004; fifteen

(15) days in April 2005; eight (8) days in May 2005; and nine (9) days in June 2005.[1]   Plaintiff

testified that, if an offender did get off his bunk, he was threatened with a disciplinary case.

---

[1] Plaintiff's claim concerning a 2-day lockdown and bunk restriction on September 24-26, 2005, was dismissed for failure to state a claim as the duration of the alleged deprivation did not  amount to a denial of life's basic necessities.

It is well established that inmates have an interest in recreation and exercise.  See e.g. Rhodes v. Chapman, 452 U.S. 337, 364 (1981).  The sheer duration of the bunk restriction as alleged by plaintiff states a constitutional violation.

Under the second step of the qualified immunity analysis, the inquiry address whether the right at issue is sufficiently clear such that a reasonable officer would understand that what he is doing violates that right.  Anderson v. Creighton, 483 U.S. 635, 640 (1987).  Here, plaintiff testified that he believed TDCJ rules authorized cell restriction at times of Unit lockdown, limiting inmates to their cells and/or housing areas, but that the defendants had misconstrued the rule to require inmates to remain in their individual bunks.  In his Requests for Production No. 4, plaintiff seeks TDCJ Rules and regulations concerning lockdown status for the time periods at issue.  If  TDCJ has promulgated specific procedures concerning lockdown and defining the restrictions to be employed, such information would be relevant in assessing the defendants' conduct.  Plaintiff's Request No. 4 is GRANTED.

In Request Nos. 1 and 2, plaintiff seeks copies of all grievances filed by other prisoners concerning lockdown.   In addition to being overly broad and burdensome, this request does not provide insight as to the reasonableness of a defendant's conduct.  Plaintiff's Request Nos. 2 and 3 are DENIED.

In Request No. 7,  plaintiff requests minutes from staff meetings concerning lockdown procedures.  Whether or not defendants instructed officers to keep offenders in their bunks during lockdown reflects on the reasonableness of the conduct at issue.  Request No. 7 is GRANTED.

Request No. 8 seeks administrative directives concerning responsibilities and duties of employees.   This request is overly broad and does not lead to discovery concerning the

reasonableness of a defendant's conduct.   Request No. 8 is DENIED.   In any event, the Administrative Directives are available to plaintiff in the unit law library.

Request Nos. 10 and 11 relate to disciplinary actions filed against offender for violating bunk restriction.  In addition to being burdensome, this information does not relate to the issue of qualified immunity.  Request Nos. 10 and 11 are DENIED.

### 2.      Slow eaters pass.

Plaintiff also complains that he has been denied the proper amount of time to eat his meals. According to plaintiff, TDCJ policy provides that inmates are to receive twenty minutes for each meal.  Plaintiff, who has only nine teeth, claims that he is routinely given only five minutes.  As a result, he has lost approximately 40 pounds since September 2004, and now suffers from heartburn and other digestive problems.   These allegations, taken as true, state a claim of deliberate indifference.  See  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (prison officials must provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care).   Plaintiff has stated a constitutional violation.

As previously noted, at the second-step of the qualified immunity analysis, the issue is whether a defendant would know that denying plaintiff a slow eaters pass or giving him only five minutes to eat would violate his rights.  In connection with this issue, plaintiff seeks "all internal grievances concerning the Garza East chow hall" in Request No. 3, and "inmate correspondence concerning the Garza East chow hall" in Request No. 5.  Both of these requests are overly broad and do not relate to the reasonableness of a named defendant's conduct.  As such, Request Nos. 3 and 5 are DENIED.

Request No. 6 seeks administrative directives concerning chow halls.  Whether or not the

TDCJ has established policy on time minimums and  limits for inmate meals may reflect on a defendant's decision to limit that time. Accordingly, plaintiff's request No. 6 is GRANTED.

Request No. 9 involves the number of slow eaters passes that have been issued.  The number of slow-eaters passes issued does not relate to the reasonableness of any named defendants' conduct. Request No. 9 is DENIED.

In Request No. 12, plaintiff seeks discovery of disciplinary cases filed against offenders for disobeying orders in the chow hall.  This request is not relevant to the issue of qualified immunity and is overly broad in scope.  Thus, Request No. 12 is DENIED.

### III.  Conclusion

Plaintiff is entitled to discovery on the issue of qualified immunity.  Accordingly, his motion to compel (D.E. 30) is granted in part, and defendants are ordered to answer, within thirty (30) days of the date of this Order, Request Nos. 4, 6, and 7.  Plaintiff's Request Nos. 1, 2, 3, 5, 8, 9, 10, 11, and 12 are denied without prejudice to plaintiff later seeking such information following a determination on defendants' defense of qualified immunity.  Defendants' motion for protection from discovery (D.E. 31) is granted in part, and denied as to Request Nos. 4, 6, and 7.

ORDERED this 20th day of March 2006.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE