# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Ross Lyn Valigura, | § | |
| Plaintiff, | § | |
| v. | § | C.A. NO. C-05-513 |
| | § | |
| O. Mendoza, et al, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 53). On October 30, 2006, the United States Magistrate Judge filed a Memorandum and Recommendation (D.E. 59 ) addressing the motion. Defendants timely filed objections to the Recommendation (D.E. 64).

In making her recommendation, the Magistrate Judge considered defendant's motion (D.E. 53), the plaintiff's corresponding response (D.E. 58), evidentiary exhibits filed with these motions, and oral testimony taken during a *Spears* hearing on November 21, 2005. The Magistrate Judge recommended defendant's motion be granted with respect to plaintiff's claims for monetary damages against defendants in their official capacity, as these claims are barred by the Eleventh Amendment. *Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989). Finding that plaintiff had exhausted all administrative remedies and overcome the defense of qualified immunity, the Magistrate Judge recommended that defendant's motion be denied with respect to all other claims of the plaintiff.

Defendants object to the justiciability of the claims for injunctive relief. Defendants argue that because the plaintiff was released from the custody of the Texas Department of Criminal Justice-CID on November 1, 2006, his claims for injunctive relief are moot. This argument was not addressed by the Magistrate Judge because the defendant was released from custody two days after she submitted her Memorandum and Recommendation.

When no Article III case or controversy remains with respect to a particular issue, the Court has no constitutional jurisdiction to resolve it. *Goldin v. Bartholow*, 166 F.3d 710, 717–18 (5th Cir. 1999). Because the plaintiff in this case no longer has a personal interest in obtaining the injunctive relief sought in his complaint, his claims for such relief are dismissed as moot. *Id.*

The exception to mootness for wrongs capable of repetition but avoiding review is not applicable. While plaintiff could conceivably find himself back in prison if he violates the conditions of his parole, there is no "reasonable expectation or demonstrated probability" that this will occur. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). Stated differently, there is no reasonable expectation that this particular plaintiff will again have to endure the conditions from which he sought injunctive relief. Likewise, the exception for voluntary cessation of conduct does not apply. *Friends of the Earth, Inc., v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000). Whether the plaintiff is subjected again to the conditions he challenges depends upon his own conduct and where the State of Texas would choose to incarcerate him if he were to violate the conditions of parole. Reoccurrence does not depend on the whim or immediate dictates of these defendants. No exception to mootness applies.

2

Defendants also object to the Magistrate Judge's recommended decision concerning qualified immunity. The Court agrees with the Magistrate Judge that genuine issues as to material facts remain in dispute, and that summary judgment on the basis of qualified immunity is not proper.  Specifically, there are fact disputes over whether all of the defendants were involved in the alleged constitutional violations, whether the defendants possessed a sufficiently culpable state of mind,  and whether the plaintiff suffered more than a de minimis physical injury.  *See Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) (reaffirming that plaintiffs must identify defendants who were either personally involved in, or whose acts are causally connected to, the alleged constitutional violation); *Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004) (explaining the officials must actually be aware of an excessive risk to health or safety); *Alexander v. Tippah County*, 351 F.3d 626, 631 (5th Cir. 2003) (applying the physical injury requirement). Additionally, on the second part of the qualified immunity analysis, genuine issues of fact exist as to why and how the bunk restrictions were imposed. *Hope v. Peltzer*, 536 U.S. 730, 731, 743–45 (2002) (looking to the official's motives and the state's regulations in determining whether the officials had fair notice and whether their actions were objectively reasonable).

Having considered the pleadings, motions, responses, objections, and all evidence on file, the Court accepts the recommended decision of the Magistrate Judge except as modified here on the issue of mootness.  The Court GRANTS Defendants' Motion for Summary Judgment (D.E. 53) with respect to plaintiff's claims for damages against defendants in their

official capacity.  Plaintiff's claims for injunctive relief are DISMISSED as moot.  In all

other respects, the Court DENIES Defendants' Motion for Summary Judgment (D.E. 53).


ORDERED this 15th day of February, 2007.



_____
HAYDEN HEAD
CHIEF JUDGE